COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT
                                                FOR SUFFOLK COUNTY
                                                NO: BD-2010-118

IN RE: KEVIN M. ORME

## MEMORANDUM OF DECISION

On December 11, 2009, Bar Counsel filed a petition for discipline against attorney Kevin M. Orme, alleging, inter alia, that Orme failed to provide competent representation to an elderly client and intentionally misused client funds. On October 12, 2010, the Hearing Committee found that Bar Counsel had proven each of the alleged rule violations, and recommended that Orme be disbarred. On October 21, 2010, Orme filed an affidavit acknowledging that "the material facts alleged in the complaint and the Petition for Discipline filed in this matter are true," and that he was tendering his resignation from the practice of law in accordance with Supreme Judicial Court Rule 4:01, § 15. Bar Counsel opposed Orme's request to resign, arguing that his affidavit of resignation "comes too late to provide any benefit to the bar or to the public." On November 15, 2010, the Board of Bar Overseers (Board) unanimously recommended that Orme's affidavit of resignation be accepted and that an order of disbarment be entered. On November 23, 2010, the Board filed an information asking this court to adopt its recommendation. Bar Counsel presses its objection to allowing Orme to resign. After hearing, I adopt the Board's recommendation that Orme's affidavit of resignation be accepted and that an order of disbarment be entered, and so order.

An order of disbarment arising from the allowance of an affidavit of resignation filed in accordance with Supreme Judicial Court Rule 4:01, § 15, is no less an order of disbarment than one arising from a Board finding and recommendation. The practical consequences for the disbarred attorney are the same; under Supreme Judicial Court Rule 4:01, § 17, he must take the same course of action and, under § 18(2), he must wait the same period of time before he may petition for reinstatement to the bar. Orme acknowledges that it is doubtful he will ever practice law again, but believes that acceptance of his resignation will allow him "to leave the practice of law with a modicum of self respect."

Bar Counsel contends, in essence, that allowance of an affidavit of resignation is appropriate only where the respondent attorney files the affidavit before his evidentiary hearing, and should not be allowed after Bar Counsel has devoted the considerable investment of time and resources required to present evidence at the hearing and after the respondent has learned that the Hearing Committee recommends disbarment. I share the view that "the purpose of the resignation provision is to permit respondent attorneys who wish to acknowledge their wrongdoing and exit the profession with dignity to do so forthwith, while saving Bar Counsel, the Board and the court the time and expense of lengthy disciplinary proceedings." Matter of Oates, 5 Mass. Att'y Disc. R. 274, 277 (1986). However, in contrast with the respondent in the Oates case, who litigated his disciplinary

action before the Board, see id. at 276, Orme, by filing his affidavit of resignation, relinquished his entitlement to challenge the Hearing Committee's factual findings and disciplinary recommendation before the Board, and therefore spared the Board the need to review the Hearing Committee's factual findings and disciplinary recommendation. The Board concluded that this was sufficient to warrant allowance of Orme's affidavit of resignation, and its recommendation is "entitled to great weight." In re Finneran, 455 Mass. 722, 730 (2010), quoting Matter of Fordham, 423 Mass. 481, 487 (1996), cert. denied, 519 U.S. 1149 (1997).

Bar Counsel could locate only two cases in which the court did not defer to the Board's recommendation as to whether or not to accept a respondent's affidavit of resignation. In one, the court accepted a respondent attorney's resignation despite the recommendation of the Board that it not do so, but did not explain why it did not defer to the Board's judgment and the decision does not state any facts from which an explanation could be inferred. Matter of Melvin F. Lee, 3 Mass. Att'y Disc. R. 129 (1983). In the second, the court refused to accept a respondent's attorney affidavit of resignation despite the Board's recommendation that it do so. Matter of Anthony D. Toscano, 5 Mass. Att'y Disc. R. 364, 371-372 (1987). The second case is readily distinguishable from the instant case for two reasons. First, the court ordered disbarment of the attorney, which suggests that the Board hearing had been conducted and that the

Board had entered findings. Second, the court directed Bar Counsel to advise the District Attorney "that the Court would appreciate his looking into the questions of fraud, perjury and embezzlement" raised by the respondent attorney's conduct. Bar Counsel has not suggested that such a referral is appropriate in this case.

In view of the "great weight" given to the Board's recommendation, Orme's relinquishment of his opportunity to argue for a lesser sanction before the Board, and the absence of aggravating circumstances that would make it inappropriate to accept an affidavit of resignation, I concur with the Board's recommendation that Orme's affidavit of resignation be accepted and that an order of disbarment be entered, and so order.

Ralph D. Gants
Associate Justice

Entered: March 4, 2011

A True Copy

3-4-11
Date

Attest:
Assistant Clerk